In the Matter of the Estate of RUBIN DIAMOND, Deceased.

Surrogate's Court, Kings County, April 27, 1937.

*Harry Kirshbaum*, for the petitioner, New England Garage, Inc.

*Leo B. Weissman*, for Gertrude Diamond and Leo Weissman, as executors, etc.

WINGATE, S. The present petitioner is a garage owner with which the decedent stored his car. At the time of the death the unpaid charges amounted to $121.29. Testimony was adduced relating to the transactions between the garage and the decedent, it appearing that the former permitted use of the car by the decedent during the day, it being returned at night. Following the death of the decedent, his executors sold the car without notice of the claim of the garage keeper, and the present proceeding seeks " an order recognizing the lien " to the full extent of the indebtedness and requests that the court direct the executors to return the car to the possession of the petitioner for the purpose of enabling it to satisfy its lien.

Obviously the latter relief is impossible of award, since the uncontroverted testimony demonstrates the sale of the automobile and that it is no longer in the possession of the representatives of the estate.

The former prayer demonstrates merely the misconception of the applicant respecting the nature of the lien rights accorded to a garage keeper pursuant to section 184 of the Lien Law. Like

any other lien, this is merely a right *in rem* against the property itself, and, in effect, subjects the chattel to an incumbrance as security for the principal debt. The peculiar nature of the lien which permits its survival under certain specified circumstances in spite of a surrender of possession by the lienor, in no wise varies the fundamental character of the incumbrance as being one against the thing itself.

Whether or not this lien right has been lost under the circumstances of the present case is a question which is unnecessary of present determination. If it is still valid, it may conceivably be pursued against the car in the hands of the new owner. This, however, is no present concern of the estate or its representatives, although, if the lienor were able to retake the chattel from the purchaser and enforce its rights against it, the latter might possibly have a remedy against the estate for breach of an implied warranty on the sale.

The additional security for the debt, as against the *rem*, which is accorded by the statute, may not be metamorphosed into a preferential right *in personam* against the individual debtor. The garage originally possessed two rights, namely, an ordinary contract right against the decedent, which survives as against his estate, and a right against the chattel itself as security for the contract right. Conceivably both may still be in existence, but the latter is enforcible only against the thing itself in the manner particularly specified in article 9 of the Lien Law.

It follows that, as against the estate, the petitioner is merely an ordinary simple creditor entitled merely to share *pari passu* in the assets of the estate with other like creditors.

It follows that the petitioner has a presently valid claim against the estate for the amount of its debt which will share proportionately in its assets, but that the additional prayers for relief must be denied.

Under the circumstances disclosed no costs of this proceeding will be allowed.

Enter decree on notice in conformity herewith.